H. J. WALDRON, County Treasurer, Appellant, *v.* JOHN HARRISON *et al.*, Respondents.

### *Appeal from Wasco County.*

1. An express assent, to be liable for the appearance of a prisoner at a future time, upon the order of court, is not necessary to bind the sureties.
2. As to liability of sureties upon bail bond.

THE condition of this recognizance is that "John Harrison shall appear in the Circuit Court" at a certain time and place "to answer a charge of adultery, and not depart without leave of said court, and abide the judgment thereof in all things." The respondents insist that no breach of this condition is charged, inasmuch as it is averred that the said Harrison did appear in said court, at the term specified in the recognizance, and by order of the court the cause was continued until the first day of the succeeding term, and the defendant ordered to appear at that time to answer said charge, and in the meantime was allowed by the court to go at large upon the recognizance first given.

*W. C. Johnson*, for appellant.

*N. H. Gates*, for respondents.

SHATTUCK, J.   It is said that by the terms of this recogniz-
ance the sureties were bound only for Harrison's appearance
at the May term, 1862, and that a continuance of the cause
until the September term, without their express consent,
exonerated them from further liability.

It is admitted as a general rule that the obligations of a
surety cannot be enlarged or extended without his assent;
but we do not think, that in this case the respondents can
claim any aid from that doctrine; for by assuming to become
sureties in this recognizance, they took upon themselves the
office of voluntary jailors for Harrison; they became his
keepers; and by the very terms of their obligation undertook
to have him obedient and subject to all orders of the court.
He was to go and come, whenever the court should direct,
and they were to bring him whenever called.   We think it was
within the power of the court on the day named in this recog-
nizance for the appearance of Harrison, to set down the case
for a future day, even a day of the succeeding term, and to
order him to come upon such future day to answer the charge
made against him.   This continuance, we think, was an order
which these sureties undertook should be obeyed by Harri-
son; and if on such appointed day he did not appear, and his
sureties did not bring him, then the condition was literally
broken.   Harrison had departed without leave and failed to
abide the order of the court.   No express assent or agreement
to stand as sureties until the future day appointed by the court
was necessary to continue their liability; they must be pre-
sumed to have been present in court with their prisoner, and
to have known of the order made by the court; and they
could have exonerated themselves by an express dissent, and
by delivering the defendant into custody in open court; or,
they could at any time, have carried him before a magistrate,

and had him committed.   Failing to do this, they remained bound for his appearance at the subsequent day appointed by the court.   (*People* v. *Clay*, 17 *Wend.*, 375.)

Harrison having failed to appear at the September term as ordered by the court, there was a default, and the plaintiff below should have judgment, unless the respondents by answer can show other matters in defense than those presented by the demurrer in this case.

The judgment below must be reversed and the cause remanded.